UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DIMARE RUSKIN, INC., et al.,

    Plaintiffs,

v.                                       CASE NO: 8:10-cv-1332-T-23AEP

DEL CAMPO FRESH, INC., et al.,

    Defendants.
_____/

## **ORDER**

Produce wholesalers, the plaintiffs sue (Doc. 1) under the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499e, to collect $414,359.50 for produce sold to the defendants, Del Campo Fresh, Inc., and Joel Salazar. The complaint alleges that between June 17, 2008, and June 25, 2009, the plaintiffs sold the defendants $414,359.50 worth of wholesale produce for which the defendants refuse to pay. "At the time of receipt of the produce, the plaintiffs became beneficiaries in a statutory trust designed to assure payment to produce suppliers. The trust consists of all produce or produce-related assets, including all funds commingled with funds from other sources and all assets procured by such funds, in the possession or control of defendants since the creation of the trust." (Doc. 1, ¶ 8) The plaintiffs allege that the defendants fail to pay for the produce despite "repeated demands." (Doc. 7) Furthermore, the plaintiffs allege that the defendant Joel Salazar "has repeatedly told Plaintiffs that he is unable to pay Plaintiffs as required by the trust provisions of PACA." (Doc. 7 at 1)

The plaintiffs move (Doc. 2) for a temporary restraining order and allege that, absent immediate, ex parte relief, the plaintiffs will suffer irreparable injury without either

meaningful procedural protection or the possibility of effective redress.  In particular, the plaintiffs certify that "notice will afford Defendants an opportunity to dissipate trust assets that are required by statute to be held for the benefit of Plaintiffs, PACA trust creditors of Defendants." (Doc. 7)

Rule 65(b)(1), Federal Rules of Civil Procedure, permits the issuance of a temporary restraining order only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."  To establish entitlement to the requested relief, the plaintiffs must show (1) a substantial likelihood of success on the merits; (2) an irreparable injury to the plaintiff in the absence of the injunction; (3) a threatened injury to the plaintiff that exceeds any injury to the defendants caused by the injunction; and (4) the absence of a material adverse consequence to the public.  Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr, S.A., 320 F.3d 1205, 1210 (11th Cir. 2003).

The plaintiffs' presentation on the merits, although impossible to assess with confidence, appears to state a claim not unlikely to succeed.  Section 499e(c) provides:

> Perishable agricultural commodities received by a commission merchant, dealer, or broker in all transactions, and all inventories of food or other products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such commodities or products, shall be held by such commission merchant, dealer, or broker in trust for the benefit of all unpaid suppliers or sellers of such commodities or agents involved in the transaction, until full payment of the sums owing in connection with such transactions has been received by such unpaid suppliers, sellers, or agents.

The plaintiffs allege that the defendants, although accepting produce from the plaintiffs, fail to compensate the plaintiffs and fail to hold the proceeds from the sale of the produce in trust for the plaintiffs. The irreparable harm that the plaintiffs identify is material, intrusive, and plausible, and Congress apparently contemplates preliminary injunctive relief in an appropriate case under PACA.

However, the plaintiffs fail to comply with several basic requirements for petitioning for a temporary restraining order. Local Rule 4.05(b)(3) requires a motion for a temporary restraining order to:

> (i) describe precisely the conduct sought to be enjoined; (ii) set forth facts on which the Court can make a reasoned determination as to the amount of security which must be posted pursuant to Rule 65(c), Federal Rules of Civil Procedure; (iii) be accompanied by a proposed form of temporary restraining order prepared in strict accordance with the several requirements contained in Rule 65(b) and (d), Federal Rules of Civil Procedure; and (iv) . . . contain or be accompanied by a supporting legal memorandum or brief.

The plaintiffs request an order "restraining the transfer of any and all assets of Del Camp Fresh, Inc., except for payment to DiMare Ruskin, Inc., and DiMare Johns Island, Inc., in the aggregate amount of $414,359.50, pending either payment to plaintiffs by cashiers or certified check in the aggregate amount of $414,359.50 or a further hearing to be set within 14 days of the issuance of a Temporary Restraining Order." The plaintiffs fail to provide either a proposed form of temporary restraining order or a description of the mechanism for imposing an enforceable asset freeze. Furthermore, the plaintiffs present evidence of neither the size and scope of the defendants' assets and operations nor the potential damages attending an improper injunction against the defendants. Accordingly, the record lacks any information from which to determine the proper amount of security required by Rule 65(c).

Finally, the plaintiffs fail to show that notice to the defendants is impractical or impossible due to the threat of an immediate and irreparable injury. The plaintiffs apparently waited nearly a year after the most recent sale before seeking an injunction. Although the plaintiff alleges irreparable harm, the plaintiffs' conclusory allegation that the defendants will further dissipate the trust assets fails to justify enjoining the defendants before the benefit of a hearing. See Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda County., 415 U.S. 423, 432 n.7 (1974) ("The 1966 Amendments to Rule 65(b), requiring the party seeking a temporary restraining order to certify to the court in writing the efforts, if any, which have been made to give either written or oral notice to the adverse party or his attorney, were adopted in recognition of the fact that informal notice and a hastily arranged hearing are to be preferred to no notice or hearing at all.").

Accordingly, the plaintiffs' motion (Doc. 2) for a temporary restraining order is **DENIED**. The plaintiff's motion (Doc. 5) for a preliminary injunction is **REFERRED** to United States Magistrate Judge Anthony E. Porcelli for a report and recommendation. A status hearing on the motion for a preliminary injunction is set for **2:15 P.M.** on **Friday, June 25, 2010**, before the Honorable Anthony E. Porcelli in Courtroom 10A, United States Courthouse, 801 N. Florida Avenue, Tampa, Florida.

ORDERED in Tampa, Florida, on June 15, 2010.

*[signature]*

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE